18978

AMERICAN MOTORISTS INSURANCE COMPANY, Appellant, v. Robert D. MURPHY, Respondent.

(170 S. E. (2d) 663)

*Messrs. J. Wesley Drawdy, Charles N. Mayfield and Maxey G. Watson,* all of Columbia, *for Appellant,*

*Owens T. Cobb, Jr., Esq.,* of Columbia, *for Respondent,*

November 5, 1969.

LEWIS, Justice.

This action involves the liability of defendant, under a written agency agreement, for premiums on policies of insurance sold by him as agent for plaintiff, but which came due after the termination of defendant's agency. The lower court held that defendant was not liable and granted a nonsuit, from which plaintiff has appealed.

Plaintiff and defendant entered into a written agreement on February 24, 1964 under which defendant was authorized to act as plaintiff's agent in the sale of insurance, with authority to bind plaintiff in certain respects in the issuance of policies and to collect and remit premiums thereon. After defendant had sold numerous policies, plaintiff terminated the agency agreement on September 10, 1964.

Some of the policies sold by defendant and involved in this appeal were issued for a term of years with premiums payable annually and renewable each year during the term. One was an audit policy on which the final premium could not be determined until the end of the policy year which was subsequent to the termination of the agency. Admittedly, defendant, while acting as agent for plaintiff assumed the obligation of collecting and remitting premiums on the policies

sold. However upon termination of the agency defendant discontinued collecting premiums. Although the premiums were not paid to it, plaintiff continued to renew the term policies until their expiration, and seeks in this action to recover from defendant a balance allegedly due for premiums which came due after the termination of defendant's agency on the theory that defendant assumed responsibility under the agency agreement to remit premiums on policies sold by him, whether or not he collected such premiums, and that such responsibility continued after the authority of defendant to sell insurance had been terminated.

There is no evidence that any of the premiums involved in this appeal were collected by defendant, nor that he in any way prevented plaintiff from collecting them from the insureds when they became due. No issue is presented in this appeal as to the liability of defendant for premiums which came due before the agency was terminated.

The claimed liability of defendant for premiums due on policies sold by him, but which accrued after the termination of his agency, is based solely upon the terms of the written agency agreement which was introduced in evidence as exhibit "A" for the plaintiff. The only pertinent provisions of the agreement are contained in items 3 and 7 thereof. Item 3 is as follows:

"Premiums received by agent are the property of company and shall be held by agent as trustee for company until delivered to company. *Agent shall pay company* in accordance with statements of account rendered by company, *all premiums arising out of* insurance written *under this agreement, whether or not collected by agent,* within 45 days after the end of the month in which said insurance was effective, or renewed, or in which a premium payment date occurs. The keeping of an account with agent on company's records as a creditor and debtor account, or the payment of balances at stated periods, or retention of commissions by agent, shall not be held to modify, affect or waive the trust relationship

as to premiums collected by agent, nor company's ownership of unpaid premiums which have not been collected by agent." (Emphasis added.)

Item 7 relates to termination of the agreement and provides:

"This agreement may be terminated by either party at any time by giving notice, which termination shall be effective on the date specified. Termination shall not relieve either party of its obligations with respect to insurance written hereunder except as stated in paragraph 8." (Paragraph 8 has no relevancy to any issue here involved.)

We find no provision in the written agreement before us upon which liability of defendant could be predicated. The provision in item 3 that the defendant was obligated to pay to the company all premiums arising out of insurance written, *whether or not collected* by him, cannot be extended under the present facts to impose liability upon defendant for uncollected premiums which came due after his agency was terminated by plaintiff. Item 3 provides that plaintiff was the owner of all premiums including any "unpaid premiums which have not been collected by agent." Since title to unpaid premiums was specifically reserved in plaintiff and there was no provision in the contract giving to defendant the right to collect premiums after the agency was terminated, the right to collect subsequently accrued premiums was solely in plaintiff. In the absence of a right to collect the premiums which accrued after the termination of the agency, defendant could not be held liable for their payment.

The brief of the plaintiff-appellant quotes certain provisions of an agency agreement upon which it relies to establish liability of the defendant. We find no such provisions in the written agreement introduced in evidence as exhibit "A" and filed with the record in this court. Therefore, the provisions relied upon by plaintiff in its brief have not been considered.

We accordingly affirm the judgment of the lower court. We point out, however, that our decision is based upon a different ground from that assigned by the lower court, which we reach by application of Rule 4, Section 8, of the Rules of this Court.

Finally, plaintiff takes exception to the order of the lower court settling the case on appeal. The trial judge refused to permit the inclusion in the appeal record of certain testimony offered by plaintiff, which had been ruled inadmissible at the trial. No exception on appeal challenges the correctness of the trial ruling with reference to this testimony and it was properly excluded as irrelevant to any issue involved in the appeal.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.